[Civ. No. 6544. Second Appellate District, Division One.—August 18, 1931.]

YOST–LINN LUMBER & FINANCE COMPANY (a Corporation), Appellant, v. ARTHUR BENNETT et al., Respondents.

D. Chase Rich for Appellant.

Henry O. Wackerbarth for Respondents.

YORK, J.—Plaintiff commenced an action against the defendants on a promissory note, claiming a balance due thereon of $606 together with interest at twelve per cent per annum from March 16, 1926, attorneys' fees and costs. On June 18, 1928, a default judgment against the defendants was entered in the sum of $839, together with costs. This judgment became final without any appeal therefrom. Thereafter, upon grounds not shown in the record here, defendant Bennett moved to vacate the judgment against him, which motion was denied on October 16, 1928.

On October 19, 1928, defendant Bennett in conference with the president of the plaintiff corporation, offered to pay the sum of $606 in settlement of the judgment; that he would pay $500 within ten days and the balance of $106 at a later date. This offer was accepted it being understood that in consideration of such payment plaintiff would satisfy the judgment and the defendant would not proceed further with a motion to rehear the motion to set aside the default, or take an appeal therefrom. At this time Bennett paid $25 on account, by check on the face of which was written, "In settlement of judgment, Balance due $581.00." Thereupon he sought to borrow the balance of the $500 payment which he had agreed to make. He was able to secure a loan of $425 only, which amount on November 3, 1928, he paid to the plaintiff corporation, taking a receipt therefor "to apply on loan No. 27. Principal balance $156." It was further agreed that the plaintiff should wait for one year for payment of the $156.

On January 10, 1929, after motion duly made by defendant Bennett for that purpose, the trial court entered its order decreeing the satisfaction in full of the judgment here involved upon payment to plaintiff or its attorney of the sum of $156. Plaintiff now appeals from said order.

No question is made of the fact that the controversy was still pending to an extent which would furnish a sufficient consideration for such an agreement of settlement. Appellant maintains that the evidence does not disclose any agreement on the part of plaintiff to accept less than the full amount due; and that if such an agreement was made, it was conditional upon Bennett bringing in $475 on November 3d. We cannot agree with these contentions. From

the evidence received at the hearing pursuant to which the court made the order from which plaintiff has appealed, the court was authorized to find that appellant agreed to accept the sum of $606 in satisfaction of the judgment. There was a conflict in this evidence, which the trial court resolved in favor of the defendants. We think that the evidence is sufficient to sustain the court's decision.

The order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.